George C. Hoch and H. A. Samuell, Appellants, v. V. P. Turner et al., Appellees.

Gen. No. 8,848.

Opinion filed January 14, 1935.

JOSEPH E. BARNES, of Havana, and WILLIAM A. POTTS, of Pekin, for appellants.

SCOTT W. LUCAS and LYMAN LACEY, JR., both of Havana, for appellees.

MR. PRESIDING JUSTICE FULTON delivered the opinion of the court.

This is an appeal prosecuted from a decree of the circuit court of Mason county dismissing the original bill filed by appellants on behalf of themselves and all other creditors of the Farmers State Bank of Easton, and dismissing the amended and supplemental bill filed by said appellants and eleven additional complainants upon the motion of appellees who were intervening petitioners in the cause.

The State auditor of public accounts, upon the request of the directors, took over the affairs of the Farmers State Bank of Easton, Illinois, on the 22nd day of February, 1933. On February 23rd the bill was filed by appellants on behalf of themselves and all other creditors of the bank seeking to enforce payment of the liability of the stockholders of said bank for the benefit of the creditors. At the time the bill was filed the solicitor for appellants instructed the clerk not to issue a summons in the cause until the clerk was further notified by the said solicitor. The bill was directed to the May Term, 1933 of said court. No summons was

issued returnable to the May Term and during that term the case was continued to the November Term, 1933 of said court. On November 22, 1933, at the direction of appellants, a summons was issued against all of the defendants in the original bill returnable to the February Term, 1934, of said court and the summons was placed in the hands of the sheriff of Mason county. Before any service was had the sheriff was notified to withhold the service of summons until he received further instructions from appellants' solicitor. On November 24, 1933, the appellees filed a similar suit on behalf of themselves and other creditors of said bank to enforce collection of the stockholders' liability against the same defendants. On November 27, 1933, the appellees filed two special pleas to appellants' bill of complaint which were later on December 7, 1933, withdrawn. On the same date appellees filed a petition for leave to intervene in this suit in their own right and as *amici curiae,* and for leave to file an intervening petition to dismiss the suit. On November 27, 1933, leave was granted appellants to file a supplemental bill and to make new parties defendant and on December 7, 1933, appellants filed their amended and supplemental bill making additional parties defendant.

On December 16, 1933, appellants filed a demurrer to the petition to intervene by appellees, which was on the same date overruled, and the appellees given leave to file an intervening petition and motion to dismiss the bill, which was filed December 21, 1933, and afterwards extended to the amended and supplemental bill.

The motion to dismiss set forth the facts above stated and alleged that appellees were substantial depositors and creditors of the bank and not indebted to it in any manner. It charged that appellants were not creditors of the bank with authority to institute this suit because their indebtedness to the bank far exceeded any deposit standing in their names at the

time of closing; that there was a fraudulent arrangement or understanding between appellants and the officers and stockholders of the bank not to prosecute the suit and because of such fraudulent acts and the delay in issuing and serving summons no suit was really pending.

Further motions and cross motions were filed and disposed of but the answer to the motion to dismiss was filed by appellants on January 25, 1934. The answer specifically denies the charges of fraud made in the petition and motion to dismiss or that appellants were not bona fide creditors of the bank; admits that solicitor for appellants instructed the circuit clerk at the time the original bill was filed not to issue any summons as prayed for in the bill until notified by such solicitor; further admits that no summons was issued returnable to the May Term, 1933, or November Term, 1933, of said court, but that on November 22, 1933, a summons was issued by the clerk and placed in the hands of the sheriff of Mason county to serve; and further admits that the sheriff was notified by the solicitor for appellants not to serve said summons until the sheriff received further instructions from such solicitor. The answer avers that the reason for withholding summons and service of process on the defendants was to give such solicitor an opportunity to secure written entries of appearance from the defendants named in the bill and thus save costs to the appellants. A number of entries of appearance from defendants were secured and filed by appellants but the earliest ones were dated December 6, 1933, and none filed before the day following.

On February 5, 1934, appellees filed a motion to dismiss the bill upon the admissions made in the answer. The final hearing on this motion was held on February 26, 1934, and the court entered a decree dismissing the amended and supplemental bill at appellants' costs,

from which decree appellants have prosecuted this appeal.

It is the contention of the appellants that they were authorized to commence and prosecute this suit and having filed the original bill the suit became a pending cause, and the appellees had no legal right to file an intervening petition for the purpose of procuring the dismissal of the suit filed by appellants. The statute provides that the mode of commencing a suit in chancery shall be by filing a bill with the clerk of the proper court, setting forth the nature of the complaint. Par. 4, ch. 22, Cahill's R. S. 1933 (App'x). Upon the filing of every bill, the clerk of the court shall thereupon issue a summons. Par. 8, ch. 22, Cahill's R. S. 1933 (App'x). While suit was properly instituted in this case by appellants their conduct in ordering the clerk not to issue summons until two terms of court had passed and then when summons was finally issued, to order the sheriff not to serve the same raises a serious question as to whether or not the action is really brought and pending in good faith. Suits brought to enforce the constitutional and statutory liability of stockholders of a closed bank are of such a character as to require prompt and immediate action in the collection of the stock liability lest escape in payment be effected through death, change in conditions or other means sometimes availed of by debtors who seek to avoid payment. Where one or two creditors bring suit on behalf of themselves and of all other creditors the responsibility falls upon them to diligently and reasonably follow the known, well established steps for prosecuting the suit.

In this case two alleged creditors, one with a deposit of $83.13 and the other with a deposit of $36.44, at the time of the closing of the bank and both so indebted to the bank that it is doubtful if either could ever receive a dividend from the liquidation of its assets, sought to

bring this suit on behalf of themselves and all other creditors. The party bringing a suit has ordinarily the right to control and prosecute it to its final termination. This is always the case where the suit is brought by a complainant in his own right, and not merely as the trustee and representative of another. *Fairbanks v. Farwell,* 141 Ill. 354. It may well be doubted whether the mere filing of a bill in chancery, of itself, without the issuing or service of process, is sufficient to arrest the running of the statute. *Fairbanks v. Farwell, supra.*

It is our judgment that the deliberate delay in prosecuting this suit caused by the instructions to the clerk not to issue any summons and then when finally issued to the sheriff not to serve the same, worked a suspension of the suit and left it open to the other creditors to file a suit to collect the stockholders' liability. Appellees were large creditors and were interested in the suit. The court properly permitted them to file their intervening petition and upon the facts admitted by appellants in their answer to the motion to dismiss was warranted in entering a decree dismissing the original and the amended and supplemental bills for want of equity. The decree of the circuit court is therefore affirmed.

*Affirmed.*